

NO. 8100.

C. H. RICE & SON

VS

JOHN BARTON PAYNE, AGENT.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

N.B. Writ granted
& this July 2 affd
by Sup. Ct.
151 La. 949 -

Court of Appeal.
PARISH OF ORLEANS
FILED NOV 14/21
Stansbury

8100

OPINION.

By his Honor John St. Paul.

This case comes up from a City Court and was heard and decided by one of the judges alone, who thereafter reopened it and referred it to the full court.

The issue is briefly this: Can a commission merchant to whom a customer has consigned a carload of cattle for sale on commission, maintain an action for the commission he would have earned, against the carrier who has negligently diverted the shipment to a competitor? We think he can.

I.

It is a recognized principle of the Law Merchant, and hence of universal application, that the consignee or his transferee has the legal title to the property described in the Bill of Lading; and his muniment of title is the bill of lading itself. Bank vs Meyer, 43 An 1. But necessarily the owner of property is a "party" to the deed under which he holds. See also Dela Grange vs S. W. Telegraph Co, 25 An 383. Hence the consignee or his transferee may sue directly upon the bill of lading either for the property itself or for any damage thereto; and a recovery by such consignee

66

will bar a recovery by any other person. Collins vs Denver
& Rio Grande R. R. Co, 167 S. W. Rep 1178; Boston & Maine
R. R. Co vs Warrior Mower Co, 76 Maine 251.

And of course it is equally true that where the equitable
title, i. e, the beneficiary interest in the property, lies
in someone other than the consignee, and the carrier has
delivered the property, or accounted for the damages, to
such other person, then Equity (natural or legal) will
like wise protect the carrier against a double payment. But
in such cases the same Equity should and will protect the
consignee also to the full extent of _his_ actual interest
in the property. For Equity always deals evenhandedly with
all the parties before it, according to the Maxim that
"He who seeks equity, must do equity"; and upon the moral
principle that one must always do unto others as he would
have them do unto him. C. C. 1965.

Hence when the just claims of the equitable owner of
the property have been satisfied in full (as was admittedly
the case here) it would be clearly inadmissible and absurd
for the consignee to claim from the carrier any satisfaction
in excess of his own interest in having the property
delivered according to contract, towit, his own advances
or profits or commission; for he could not possibly recover
more. 67

And accordingly the consignee may maintain an action against the carrier who has breached the contract even for the sole of recovering only his own advances or profits or commissions. Missouri Pac. Ry Co vs Peru-Van Zandt Co, 73 Kansas 295 ( 6 L. R. A, N, S. 1058); Clute vs Chicago, R, I & Pac Ry Co, 30 L. R. A, N. S. 1071.

## II.

Thus under the general law. It is said however that under the Cummins Act of 1915, regulating interstate shipments (such as this) the only recovery that can be had under an interstate bill of lading is for actual damage to the property, and for nothing else. But this cannot be. The purpose of that act was manifestly to restrict the right of interstate carriers to limit by contract their common law liability; that is to say, it was intended to increase the carriers responsibility, not to decrease it; in other words, the act meant to benefit the shipper, not the carrier.

And that must surely be a faulty interpretation of a statute which, by adhering to the words and overlooking its purpose, would convert an intended benefit into an actual disadvantage. Hence "Quod favore quorundam

68

constitutum est, quibusdam casibus ad laesionem eorum nolumus

inventum videri." Codex 1. 14. 6.

It is therefore ordered that the judgment appealed

from be affirmed.

New orleans, La, November 14th, 1921.

NO. 8105.

STANLEY A. HARVEY

VS

MRS. W. T. NOLAN, ET AL.

**8105**

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

*Court of Appeal*

PARISH OF ORLEANS

FILED MAY 31/21

**8105**

## OPINION.

By his Honor John St. Paul.

Plaintiff alleges that on November 24th 1916 defendants gave him a ninety days option on six certain lots of ground for $1900; that within said period he notified them of his intention to avail himself thereof and demanded of them a transfer; that defendants refused to abide by their obligation, but on the contrary sold the property to a third party for $2500, thus making a profit of $600 on his property; which profit plaintiff now claims as damages.

The defense set up in the answer is that said option was obtained by fraud; towit, that at the time thereof and prior thereto plaintiff had been employed by them as their agent to sell said property, and had actually then found a purchaser therefor, towit, the very same party to whom they sold, and at the very same price for which they sold; and all of which he failed to disclose when he obtained said option. Defendants further set up that the option was without consideration; and finally that it was an attempt by plaintiff to evade the provisions of Act 42 of 1908, relative to real estate agents, with which plaintiff had not complied.

71

## I.

Taking these up in reverse order we will first dispose of the defense last made. Act 42 of 1902 requires real estate agents to furnish a certain bond; which plaintiff had not done. But whatever may or may not have been the case on other occasions, it is certain that on this one occasion at least plaintiff did his best not to act as real estate agent, and to that end merely exercised a privilege lawfully accorded to all, towit, that of purchasing an option. Act 249 of 1910

In so doing he was obeying the law, not violating it. For it is not unlawful to do that which the law allows, even when done for the express purpose of avoiding something which the law forbids. Reeves vs Harper, 43/45 An 516, 522; Scottish Mortgage Co vs Ogden, 49 An 10,14.

## II.

The option declares that it was given in consideration of $10, receipt whereof is acknowledged in the instrument itself; and it is testified and not seriously denied that plaintiff gave defendants a perfectly good check for that amount. Defendants however did not collect the check, and have not even attempted to do so. But the answer to this is in the maxim "Volenti non fit injuria." For the consideration agreed upon was certainly put within the power of the defendants; and if they did not choose to

72

grasp it, their voluntary inaction cannot result to their

own benefit and to the prejudice of plaintiff.

### III.

The defense that theoption was obtained by fraud is

not borne out by the evidence. Plaintiff testifies that

he _had_ _had_ the property for sale for account of the defen-

dants and had offered it to one Peyrefitte, to whom

defendants afterwards sold it; that Peyrefitte had offered

$600 for about one third of it (towit, 45 feet out of 135

feet front on O'Reilly Street); that the offer was submitted

to defendants but the latter refused it; that defendants

wanted to sell the whole property and at once; and that it

was not until December 6th 1916, or nearly two weeks after

the option had been given, that Peyrefitte for the first

time showed any inclination whatever to buy the whole

property; and that on the same day he and Peyrefitte had

agreed on a price and had closed a deal for $2500.

In all of which plaintiff is corroborated in

substance and in detail by Peyrefitte; and there is not

a line of evidence in the record, written or oral, which

contradicts this testimony in the slightest degree, or

even _suggests_ that it might be untrue.

So much for the defenses set up in the answer. But when the case was on trial and the evidence being taken a new defense was developed, which though wholly untenable in law, yet prevailed with the trial judge and formed the basis of his judgment; towit, that defendants when they gave the option did not know, or did not intend, that it should be a binding obligation according to its true tenor, and merely thought or intended that it should serve as a formal constitution of agency.

But the physical evidence in the record shows that this option was neither hastily nor thoughtlessly given. On the contrary it was the outcome and result of successive and different written propositions, all of which were submitted to a practicing attorney of more than 25 years experience in such matters, acting for defendants, who made written suggestions of changes to be made and even assisted with his own hand in drafting the instrument as finally agreed upon and executed.

But be all that as it may, the law in this state, and the world over, is thoroughly well settled, that one who voluntarily affixes his signature to a written instrument obligates himself according to the very tenor thereof; and he will not be permitted to say that he did not

74

intend to obligate himself but meant to bind himself
only in some other way or even not at all. DeSota Building
Co vs Kohnstamm, Our No. 7267, and authorities there cited;
Bagneris vs Odde, Our No. 7471, and authorities there
cited; also Beagui vs Feuchy, 26 An 594 and Advance Thresher
Co vs Roger, 123 La 1067. For signatures to an obligation
are not mere ornaments, and parties will not be relieved
therefrom simply because they did not know or did not
intend what they signed. Boulet vs Sarpy, 30 An 494.

V.

But the $600 due plaintiff are subject to a credit of
$250 received by plaintiff as a deposit from Peyrefitte
and deducted by him from the purchase price; and also to
a further credit of $77.55 for the taxes of 1916 due by
plaintiff but paid by defendants. Hence the balance due
plaintiff by defendants is $272.45, as stated in plaintiffs
letter of February 1st 1917. And accordingly

The judgment appealed from is therefore reversed, and
it is now ordered that there be judgment in favor of
plaintiff, Stanley A. Harvey, and against the defendants
Ulysse Marinoni, Jr. and Mrs. Olga Marinoni, wife of
William T. Nolan, for the full sum of Two Hundred and
Seventy-two & 45/100 Dollars ($272.45) and the costs of
both courts. ✳ 75

S. A. HARVEY

VS

MRS. W. C. NOLAN & al.

No. 8105.

By CHARLES F. CLAIBORNE, JUDGE.

I owe it to the able District Judge and to our learned associate to give my reasons for differing from them in opinion in this case and concurring with the organ of this Court.

The instrument sued on is undoubtedly, upon its face, an option. But the defendants say that it was intended only as a power of attorney, and was put in that form for reasons which it is not necessary to state. The plaintiff denies this. Whom is it our duty to believe? The written instrument must incline the scales in favor of plaintiff. The intention of the parties and their rights and obligations must be found in that instrument. It is good and universal law that parol evidence shall not be admitted to contradict what is contained in an act. C. C. 2276. It is unassailable except for error or fraud. The defendants, through Mr. Ulysses Marinoni do not plead error, nor surprise, nor that he did not know what he was signing, nor that he thought that he was signing a procuration. He took an active part in the confection and writing of the instrument. His is not a simple, untutored, unsophisticated mind. He is a lawyer of learning and experience. His only defense is that the document does not contain his intentions nor those of the plaintiff. The burden of proof is upon him. The plaintiff answers that it contains the intentions of both parties. There is no other evidence in the case except the instrument itself. Defendant does not charge fraud in obtaining his signature; but if he does, he fails to prove it by the record. If Harvey had found a purchaser for only $1900 and the act of sale had been passed for that price, Marinoni might have refused to pay Harvey any commission, on the ground that he was merely carrying out the terms of the option

76

and that Harvey was not acting as his agent. This Court cannot put such a construction upon this instrument which would enable either party, as his interests might dictate, to treat it as an option or as a procuration. The rights of the parties were transfixed by the instrument, and upon its unambiguous terms they must be judged. There is nothing in the law which prevents a real estate agent from resorting to the form of an "option" rather than that of a "procuration", for the purpose of effecting a sale for the owner. Indeed it is not an uncommon practice. There may be more money in it for the agent if he procures a larger price than the option, and a greater incentive for his exertions. He may even obtain this option after he has secured a purchaser. It is only where he has acted as agent and obtained a purchaser prior to the option that his action would be contrary to good morals and to law if he obtained an option for a less price than the one he had previously secured from his purchaser.

Defendant understood that an allegation of that kind was an essential foundation of his defense. In his answer he alleges:

> "That thereafter (after plaintiff had found a purchaser) and without disclosing to respondents this fact, and denying that he had found a purchaser, he thereupon fradulently obtained respondent's signature to the document sued upon".

No evidence supports that allegation.

It is proven, on the contrary, that although the relations of Marinoni and Harvey, as principal and agent, began prior to November 24th, when the option was signed, it was only on December 6th, that Harvey obtained the consent of the purchaser to buy the lots for $2500. There was nothing in the law which prevented Harvey, agent, from buying from Marinoni, principal, or from obtaining from him an option, unless, as

we have said before, he had already secured the purchaser on the date of the option. The evidence is to the contrary. I think therefore that the option was good and valid, and that the defendant must pay the profit he has made in the sale. Doriocourt vs Lacroix, 29 A. 286.

COURT OF APPEAL

PARISH OF ORLEANS.

————

**8105**

STANLEY A. HARVEY

versus

MRS. W. C. NOLAN, et al.

————

————

Dinkelspiel; J.

—Dissenting opinion—

Court of Appeal
PARISH OF ORLEANS
FILED OCT 31/21
H. J. Stansbury

8105